# 23-1118(L)
## 23-1166(XAP)

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

---

CONNECTICUT FAIR HOUSING CENTER, CARMEN ARROYO,
MIKHAIL ARROYO, Plaintiff-Appellants-Cross-Appellees,

v.

CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC,
Defendant-Appellee-Cross-Appellant.

---

Appeal from the United States District Court for the District of Connecticut
No. 18-CV-705

---

**DEFENDANT-APPELLEE'S RESPONSE IN OPPOSITION TO THE
CONNECTICUT FAIR HOUSING CENTER'S
MOTON TO DISMISS APPEAL**

---

Timothy J. St. George
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: 804.697.1200
timothy.st.george@troutman.com

*Attorneys for CoreLogic Rental
Property Solutions, LLC*

Jill M. O'Toole
O'TOOLE + O'TOOLE PLLC
280 Trumbull Street, 15th Fl.
Hartford, CT 06103
Tel.: 860.519.5813
Fax: 914.232.1599
jotoole@otoolegroup.com

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), Appellee/Cross-Appellant CoreLogic Rental Property Solutions, LLC ("RPS") files this response in opposition to the Connecticut Fair Housing Center's ("CFHC") Motion to Dismiss Appeal, where the CFHC seeks dismissal "without an award of taxable costs." In seeking that relief, the CFHC seeks to effectuate its own dismissal without costs, while simultaneously seeking to place potential responsibility for all such costs on the co-Appellants who will remain in the case.

While RPS does not object to the CFHC withdrawing its appeal, the CFHC's dismissal should be with costs, and those costs can be determined after the final resolution of this appeal on the merits.

**RELEVANT PROCEDURAL HISTORY**

The CFHC and co-Appellants/Cross-Appellees Carmen and Mikhail Arroyo (the "Arroyos") filed this lawsuit in 2018. The CFHC asserted multiple claims against RPS under the Fair Housing Act ("FHA"), and the CFHC individually asserted its own claim for substantial monetary damages from RPS due to an alleged "frustration of mission" and "diversion of resources." *See Connecticut Fair Housing Center, et al. v. CoreLogic Rental Property Solutions, LLC*, 3:18-cv-705 (D. Conn.), ECF 1 ¶¶ 113-127, 185-192, 193-199.[1]

---

[1] In addition to being a named party, the CHFC served as counsel for the Arroyos throughout the proceedings at the district court level and before this Court.

A ten-day trial commenced, throughout which RPS contested all the CFHC's claims for liability and damages. RPS then defeated all the FHA claims at trial, which the CFHC and the Arroyos then appealed to this Court.[2] The parties also jointly agreed that any request for taxable costs for work performed at the district court level would be deferred pending the resolution of this appeal, and the district court entered an order staying any deadline to seek such costs until after this Court issues its mandate. *Id.* ECF 330.

This appeal began in 2023 and was fully briefed by mid-2024. Oral argument occurred on November 20, 2024. This matter is now awaiting decision. RPS incurred additional taxable costs on appeal.

Evidently recognizing that it has never proven any recoverable form of organizational injury, the CFHC now seeks to eject itself from this case, leaving the Arroyos alone to continue their FHA appeal. RPS has no objection to the CFHC dismissing its appeal, which will then result in the entry of final judgment against the CFHC on all claims asserted by the CFHC. The CFHC, however, seeks to have the Court order its dismissal and then further declare that the CFHC is not

---

[2] RPS also timely noticed a cross appeal of the judgment entered against it under the federal Fair Credit Report Act, which was a claim asserted *only* by Mr. Arroyo, and not the CFHC. The cross appeal remains pending.

responsible for any taxable costs. That request for dismissal *without costs* is opposed by RPS.

## **ARGUMENT**

The CFHC has no legal basis to condition its dismissal on the non-payment of the costs it will owe to RPS by operation of federal Rule and statute.

At the district court level, "[a] judge or clerk of any court of the United States may tax as costs" various costs that include filing fees, transcript costs, and the costs of making copies. 28 U.S.C. § 1920. Additionally, "costs other than attorney's fees," including those taxable costs allowed under 28 U.S.C. § 1920, "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

At the appellate level, under Fed. R. App. P. 39(a)(1), "if an appeal is dismissed, *costs are taxed against the appellant*, unless the parties agree otherwise." *Id.* (emphasis added). Those costs include costs of "copies" for filing briefs and preparing the joint appendix. Fed. R. App. P. 39(c).

As a threshold matter, the CFHC's request for relief is ambiguous as to whether it is seeking relief from costs exclusively at the appellate stage or more generally. In certain passages, the CFHC speaks in terms of its dismissal of its "appeal without costs being taxed," implying the requested relief is specific to the taxable costs incurred on appeal. (*See* Mot. at 2.) In other instances, it appears to

speak more broadly, such as to ask for dismissal "with prejudice, and with each party to bear its own costs and fees." *Id.* at 4.

As to the merits of the CFHC's request to have this Court dismiss this appeal without costs, the CFHC ignores 28 U.S.C. § 1920, Fed. R. Civ. P. 54 and Fed. R. App. P. 39. To the extent the CFHC seeks relief from the payment of any taxable costs incurred at the district court level, it has provided no authority supporting that relief. Nor would any such relief be consistent with the allowances of Fed. R. Civ. P. 54(d)(1) and/or 28 U.S.C. § 1920.

With respect to appellate costs, the plain language of Fed. R. App. P. 39(a)(1) should control, which dictates that taxable costs be assessed against the dismissing "appellant, unless the parties agree otherwise." *Id.* Here, the parties' only agreement was to retain a vendor and split the costs of having the vendor print hard copies and deliver them to the Court. (*See* **Exhibit 1**.) Otherwise, there was no "agreement," and none is claimed by the CFHC. To try and avoid application of Rule 39(a)(1), the CFHC argues that it should not be held responsible for costs because RPS "incurred no more taxable costs responding to the appeal by the CFHC than it would have if only Ms. Arroyo had appealed." (Mot. at 2.) The CFHC cites *no* authority supporting the contention that Rule 39(a)(1) does not apply to multi-party appeals. Indeed, the CFHC's interpretative position would result in the unprincipled situation where the last moving Appellant would be left to pay all taxable costs incurred on

appeal, despite only partially contributing to those costs. That situation also is particularly unprincipled here because RPS made several arguments on appeal that are *specific* to the CFHC, including the CFHC's failure to factually prove causation or its claimed "organizational" damages. *See* Appellee Opening Br. (ECF 76), at 27-48. The CFHC's position is both factually and legally erroneous.

The caselaw cited by the CFHC also in no way supports its position.

First, the CFHC does not cite any case where a motion under Fed. R. App. P. 42(b) was granted after full briefing and oral argument. The exceptionally late nature of the CFHC's request for dismissal favors taxation of appellate costs.

Second, the decision in *Overseas Cosmos Inc v. NR Vessel Corp.*, 148 F.3d 51 (2d Cir. 1998), addressed the recovery of attorneys' fees post-dismissal based on the claim by the appellee that the appeal was "frivolous." *Id.* at 52. There, the appellant sought to dismiss the appeal at the pre-argument CAMP conference and not, as here, where briefing was fully submitted and oral arguments held. *Overseas Cosmos* thus is not relevant to the issue of taxable costs.

Third, the other cited non-precedential, unpublished cases, *Finco Prime Consulting Corp. v. Belmamoun*, No. 23-298, 2023 WL 5672552, at *1 (2d Cir. May 25, 2023), and *Martin v. Town of Ulster*, No. 23-7844, 2024 WL 4866899, at *1 (2d Cir. Mar. 1, 2024), contain no substantive discussion of any issue, instead simply noting the fact of dismissal. And, in both cases, Rule 42(b) motions were filed by

the appellants before any brief was filed by either party to the appeal, meaning those dismissals necessarily occurred before any taxable costs relating to copying or the preparation of a joint appendix were incurred by the appellee.

\*\*\*

This Court should adopt the approach mandated by Rule 39(a)(1). The CFHC's dismissal should be with costs, with the only exception for the parties' limited agreement to split certain copying and delivery costs of the appeal. However, RPS has no objection to the Court deferring the resolution of its petition for costs, including any objections that the CFHC might raise to any petition for costs, until after the pending appeals by the Arroyos and RPS are finally resolved on the merits.

Dated: April 22, 2025                     Respectfully submitted,

By: ___/s/ *Timothy St. George*___
Timothy St. George
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point
Richmond, VA 23219
Tel.: 804.697.1254
Fax: 804.698.6013
timothy.st.george@troutman.com

Jill M. O'Toole
O'Toole + O'Toole PLLC
280 Trumbull Street, 15th Fl.
Hartford, CT 06103
Tel.: 860.519.5813
Fax: 914.232.1599
jotoole@otoolegroup.com

*Attorneys for Defendant-Appellee/Cross-Appellant CoreLogic Rental Property Solutions, LLC*

## **CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,329 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

                                               /s/ *Timothy St. George*
                                                       Timothy St. George